Judge Lane
delivered the opinion of the court:
The practice of removing causes by appeal, for a second trial, is created by statutory provision. Where an opportunity for a full, trial has been had, an appeal for a second one ought not to be allowed, unless it is required by the plain tenor and terms of the law, giving such appeal. 3 Ohio, 277. Section 22 of the statute relating to wills gives an appeal “from the decision, of the court of common pleas, when any will, or other matter relating thereto, shall have leen contested.” In this same statute, provision is made for contesting, by bill in chancery, the validity of a will when once admitted to probate. In admitting a will to-probate, the court pronounce a final decision. But this is to be avoided by a process different from an appeal. An application to-prove a will, though rejected, may be made again, upon fuller proof. The rejection extinguishes no right, and binds nobody, for there are no proper parties before the court to be concluded. But-when a will is declared established, and ordered'to be recorded, it binds everybody until set aside. It must then be contested in th& *154 form of a litigated suit, if contested at all. The parties interested must be brought before the court, and consequently must be bound by its judgment. In that case, the appeal is as proper and necessary as in any other. Not so when the probate is refused. The court, therefore, are of opinion that this appeal can not be sustained; it does not come within the provisions of the statute.
Such has been the uniform practice throughout the state, as far as can be now ascertained, by recollection and inquiry. We have no instance in which such an appeal has been taken and acted upon. The practice on a point like this is regarded as full evidence of the law.